IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,439-01






EX PARTE GREGORY ALLEN SCOTT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20397 IN THE 258TH DISTRICT COURT


FROM POLK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
four counts of burglary of a building and was sentenced to concurrent terms of twelve
months' confinement in the state jail on each charge. There was no direct appeal.

 Applicant alleges his trial counsel was intoxicated at the time of his plea and
erroneously told him he would serve six months in the state jail on the offenses. He also
alleges trial counsel informed him he would receive an automatic 20% reduction on the
sentences for good time in the state jail. Applicant was sentenced to concurrent terms of
twelve months in the state jail, however, and there is no time credit award for good conduct
in a state jail facility. See Tex. Code Crim. Proc. art. 42.12 § 15(h)(1); Tex. Gov't Code
§ 508.141(a). The plea papers, admonishments, and applicable waivers are not included in
the writ record provided to this Court. Also, there is no response from trial counsel regarding
her investigation, trial strategy, and advice to Applicant, and there are no findings from the
trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain an affidavit from Applicant's trial counsel
responding to the claims and explaining her advice, trial strategy, and tactical decisions. In
addition to obtaining this affidavit, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d) to resolve disputed issues of fact. In the appropriate case, the
trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether applicant is indigent. If applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: April 25, 2012

Do not publish